FILED
DEC 02 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25CR176SNLJ-ACL |
| vs. | ) | |
| | ) | |
| TANNER D. STEVENS, | ) | 18 U.S.C. §§ 2252A(a)(2) and (b)(1) |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

Beginning at a time unknown to the Grand Jury, but including between on or about January 1, 2024, and March 1, 2025, in Wayne County and elsewhere within the Southeastern Division of the Eastern District of Missouri,

**TANNER D. STEVENS,**

the defendant herein, knowingly received and distributed, and attempted to receive and distribute, visual depictions of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so, in violation of Title 18, United States Code, Section 2252A(a)(2), and punishable under Title 18, United States Code, Section 2252A(b)(1).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(2) as set forth in the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to: a Motorola Moto G 5G cellular telephone, model number XT2417-2, IMEI 35403398352238.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

____________________________________
FOREPERSON

THOMAS C. ALBUS,
United States Attorney

____________________________________
Julie A. Hunter, #51612MO
Assistant United States Attorney