FILED
AUG 11 2026
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25CR00126 SNLJ (ACL) |
| v. | ) | |
| | ) | |
| TANNER STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

# GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant, Tanner Stevens, represented by defense counsel Becky Burns and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This document and the agreements, recommendations and stipulations contained herein do not, and are not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. It is understood by the parties that the Court is neither a party to nor bound by these agreements, recommendations and stipulations.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the charge made in the Indictment of Receiving Child Pornography, the government agrees that no further federal prosecution will be brought in this District relative to the defendant's possession, receipt, or distribution of child pornography of

which the government is aware at this time. In addition, the parties agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given in writing no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the District Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

3. **ELEMENTS**:

As to the charge made in the Indictment, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(2), and admits there is a factual basis for the plea and further fully understands that the elements of Receiving Child Pornography include:

*One*, the defendant knowingly received visual depictions of child pornography;

*Two*, the defendant knew that the visual depictions were of minor children engaging in sexually explicit conduct; and

*Three*, the visual depictions of child pornography had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

4. **FACTS**:

The parties agree that a summary of the facts in this case is as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to § 1B1.3:

In February 2025, the Missouri State Highway Patrol Special Victims Unit received a Cyber Tip from the National Center for Missing and Exploited Children (NCMEC) regarding a "user" uploading files containing child sexual abuse material into their Google Photos Account that depicted prepubescent female children engaged in sexual activities. Further investigation revealed that the account belonged to Tanner Stevens, a resident of Piedmont, Missouri. Law enforcement officers made contact with Stevens and seized his cellular phone. Stevens was cooperative with officers and admitted to viewing child pornography for years, beginning at age 13 or 14. Stevens further admitted to taking child pornographic images of his two female cousins when the girls were six and nine years of age. Stevens was a minor when he took the pictures, however, he distributed the images when he was 21 years of age by uploading them to X Corp (formerly Twitter) to be shared with others. A forensic examination of Stevens' cellular phone revealed over 100 videos and over 400 images of child sexual abuse material.

By this plea, Stevens admits that he knowingly received videos and images of child pornography. Some of the videos and images depicted prepubescent minor children engaged in sexually explicit conduct with adults. Stevens further admits that the material was transported over the internet, which is a means or facility of interstate and foreign commerce.

5. **STATUTORY PENALTIES**:

The penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment for not less than five (5) years and not more than twenty (20) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court must also impose a period of supervised release of not less than five years and up to life. The defendant fully understands

that the crime to which a guilty plea is being entered, Receipt of Child Pornography, requires a mandatory minimum term of imprisonment of at least five years.

In the event the defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, the defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

6. **U. S. SENTENCING GUIDELINES: 2025 MANUAL**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**a. Chapter 2 Offense Conduct:**

***(1) Base Offense Level:***

The parties agree that the base offense level for this offense is twenty-two (22) as found in U.S.S.G. § 2G2.2(a)(2).

***(2) Specific Offense Characteristics:*** The parties reach no agreement as to the applicability of any Specific Offense Characteristics from Chapter 2. Both parties are free to advocate for or against the application of any such provision at sentencing.

**b. Chapter 3 Adjustments:**

***(1) Acceptance of Responsibility:*** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b) because the defendant has clearly demonstrated acceptance of responsibility and he has "timely notified authorities of the intention to

enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently."

The parties agree that if the defendant does not abide by all of the agreements made within this document, the defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. The parties further agree that the defendant's eligibility for a reduction pursuant to Section 3E1.1 is based upon the information known at the present time and that any actions of the defendant which occur or which become known to the government subsequent to this agreement and are inconsistent with the defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**(2) *Other* Chapter 3 Adjustments:** The parties reach no agreement as to the applicability of any other provision of Chapter 3. Both parties are free to advocate for or against the application of any such provision at sentencing.

**c. Chapter 4 enhancements**: The parties reach no agreement as to the applicability of any provision of Chapter 4. Both parties are free to advocate for or against the application of any such provision at sentencing.

**d. Criminal History**: The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the findings of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:**

The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**:

a. **Appeal**: The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(1) **Non-Sentencing Issues**: The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

(2) **Sentencing Issues**: The parties remain free to appeal any and all sentencing issues.

b. **Habeas Corpus**: The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records**: The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case.

8. **OTHER**:

a. **Disclosures Required by the United States Probation Office**: The

defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies**:

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release**: Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or have internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws. With the exception of the sex offender registration requirement, this agreement is not intended to prevent the defendant from asserting any rights with respect to the conditions of supervised release actually imposed at the time of his release.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the

length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation to not less than five years and up to life imprisonment.

d. **Mandatory Special Assessment**: This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment. Pursuant to 18 U.S.C. § 2259(a)(1), the Court may impose an additional assessment of not more than $17,000.00 on a defendant convicted of an offense involving the possession of child pornography. Additionally, 18 U.S.C. § 3014 provides for a mandatory assessment in the amount of $5,000.00 on any non-indigent person convicted of an offense under chapter 110, including child pornography offenses.

e. **Possibility of Detention**: The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision**:

The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United

States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

g. **Forfeiture:** The defendant agrees to forfeit all of the defendant's interest in all items seized by law-enforcement officials during the course of their investigation. The defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the government and to rebut the claims of nominees and/or alleged third party owners. The defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS**:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the entire case against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has

completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT**:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT**:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA**:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

6-5-26
Date

**Julie A. Hunter, #51612**
Assistant United States Attorney

8/11/26
Date

**Tanner Stevens**
Defendant

8/11/26
Date

**Becky Burns**
Attorney for the Defendant